UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. BECKWITH,

          Plaintiff,

     v.

ROBERT BOSCH FUEL SYSTEMS
CORPORATION,

          Defendant.

_____/

Case No. 1:04-CV-791

Hon. Richard Alan Enslen

**<u>OPINION</u>**

This matter is before the Court on Defendant Robert Bosch Fuel Systems Corporation's

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2). The Court finds oral

argument unnecessary. W.D. MICH. LCivR 7.2(d).

**I.      BACKGROUND**

Defendant moved for dismissal of this action as a sanction under Rule 37(b)(2) premised on

what it claims are Plaintiff's woefully deficient discovery responses. In May 2005, discovery

between the parties broke down and Defendant filed a motion to compel discovery. According to

Defendant, Plaintiff did not provide complete Rule 26 disclosures. The Court heard oral argument

on Defendant's motion on June 17, 2005, and on June 23, 2005, ordered Plaintiff to produce

remaining discovery materials.

On July 12, 2005, Plaintiff supplied Defendant with a ten-inch stack of documents at its

Grand Rapids counsel's office.[1] Plaintiff did not serve notice on Defendant's Chicago counsel that

---

[1] Appearances on behalf of Defendant have been entered by a Grand Rapids, Michigan
law firm (Miller Johnson, Snell & Cummiskey, PLC) and a Chicago, Illinois law firm (Connelly
Sheehan Moran).

he had provided Defendant's Grand Rapids counsel with discovery responses.  In a number of different ways discussed in further detail below, Defendant found this discovery response deficient. Defendant also claims Plaintiff has failed to provide it with necessary information documenting Plaintiff's application for Social Security disability benefits.  Lastly, Defendant contends that Plaintiff's interrogatory responses are inadequate.  Defendant claims that Plaintiff has not supplied the addresses and telephone numbers of his witnesses, nor has he fully detailed what subject matter these witnesses' testimony will cover.

## II.     CONTROLLING STANDARDS

Generally, parties may discover information regarding any matter, not privileged, that is relevant, or reasonably calculated to lead to the discovery of relevant evidence, to a claim or defense of any party.  FED. R. CIV. P. 26(b)(1).  As noted, the Court held a hearing within the meaning of Rule 26(f) and ordered Plaintiff to produce discovery by a specific deadline.[2]  If a party fails to obey a court order under Rule 26(f), the Court may enter sanctions against him under Rule 37(b)(2).  The list of possible sanctions provided in Rule 37(b)(2) is "not exclusive and arbitrary but flexible, selective, and plural."  WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2284 at 612 (1994).  Levying a Rule 37(b)(2) sanction rests soundly within the discretion of this Court, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); however, the Sixth Circuit Court of Appeals has articulated some factors the Court should consider when dismissing as a sanction.

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor

---

[2] Plaintiff was ordered to produce discovery within 14 days of the Court's June 23 Order.

is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).  The Court will review each factor in detail as they apply to this case.

III.   ANALYSIS

A.     **Willfulness, Bad Faith, or Fault**

Defendant asserts that because Plaintiff missed several discovery deadlines, it must have been the product of willful desire, bad faith, or otherwise Plaintiff's fault.  Plaintiff contends that he calculated his 14-day deadline to produce discovery from the date of this Court's Order (June 23, 2005), rather than the hearing date of June 17, 2005.  Regardless of what date he employed, he was still late when he served discovery on July 12, 2005.  Plaintiff's tardy response does demonstrate a degree of bad faith and flies dangerously close to flaunting the authority of this Court; however, because Plaintiff ultimately provided the requested discovery, it does not rise to the degree of bad faith that warrants dismissal.[3]

Defendant also claims that Plaintiff's failure to provide it with Social Security disability documentation evidences Plaintiff's bad faith.  Plaintiff submits that he has provided discovery and that any failings were beyond his control.  Specifically, Plaintiff asserts that despite numerous attempts, he could not obtain a record of his application for Social Security disability benefits from

---

[3] Defendant's citation to *Erwin v. McGraw-Hill Co. Inc.*, No. 97-CV-72704, 1998 U.S. Dist. LEXIS 7109 (E.D. Mich. Apr. 28, 1998), is dissimilar to Plaintiff's conduct.  In *Erwin*, the discovered party never responded to discovery requests and remained in outstanding violation of the Court's order.  Here, while not excusing Plaintiff's conduct and noting it could be considered in future motions for sanctions, Plaintiff was merely late.

his previous attorney.[4]  Although there are numerous levers of coercion to apply to Plaintiff's former

attorney to assure receipt of the requested documentation, the fact that Plaintiff failed to secure the

documents does not necessarily correspond to bad faith.  A complete failure to even try to obtain the

materials probably would, which this Defendant has neither alleged nor proven.

The manner in which Plaintiff served discovered documents upon Defendant is also a source

of contention.  Defendant condemns Plaintiff for neither producing documents "as they are kept in

the usual course of business" nor "organiz[ing] them and label[ing] them to correspond with the

categories in [its] request."  FED. R. CIV. P. 34(b).  Plaintiff simply delivered an unmarked stack of

medical documents.  Rule 34(b)'s requirement that the discovered party organize the produced

materials in a way that the discovering party can understand them was done to curb discovery abuses

where "parties deliberately [] mix[ed] critical documents with others in the hope of obscuring [their]

significance."  FED. R. CIV. P. 34 Advisory Committee Notes to the 1980 Amendment.  Defendant

has not demonstrated nor suggested such a dilatory motive on Plaintiff's behalf, and without more,

the Court cannot attribute bad faith to Plaintiff for his failure to organize his discovery response.

Furthermore, it is entirely possible that Plaintiff, an individual without the benefit of a sophisticated

---

[4] Defendant's citation to *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000), for the proposition that "a party must produce otherwise discoverable documents that are in his attorney's possession, custody, or control," is readily distinguishable from the case at bar.  In *Axler*, the attorney resisting discovery did so based on the attorney work-product doctrine and attorney-client privilege.  The attorney never claimed he could not acquire the information as Plaintiff has—he merely said he did not have to disclose it.  Furthermore, the attorney in *Axler* was still employed by the plaintiff and continued to act as his agent.  Beyond indicating that Plaintiff's Social Security attorney likely still has his Social Security documentation, Defendant has not shown that this attorney is still acting as Plaintiff's agent or that the attorney is frustrating discovery at Plaintiff's behest.

entity wide filing system, actually stores these documents in the manner served, and therefore, he did produce them as he ordinarily keeps them.

Defendant's final charge of bad faith is that Plaintiff did not serve the requested documents on its Chicago counsel. For this contention, Defendant cites Western District of Michigan Local Civil Rule 83.1(f) as authority that local counsel serves in strictly a supplemental role and Plaintiff must serve discovered documents to its Chicago counsel. Defendant's contention is dubious at best. First, Local Rule 83.1(f) deals with the appointment of local counsel by the Court and no such appointment was made by this Court.[5] Next, and more importantly, Defendant's counsel both entered appearances on behalf of Defendant, and neither advised the Court that it was limiting their representation as the docket reflects that both Defendant's Grand Rapids and Chicago counsel are denoted as "lead attorney to be noticed." As such, Plaintiff's submission of discovery to Defendant's Grand Rapids counsel comes nowhere close to bad faith.

### B.      Prejudice

Defendant asserts that it has been prejudiced by Plaintiff's failure to provide it with documentation of his Social Security disability application, hindering its ability to mount a defense under the Americans with Disabilities Act. Although the Court cannot say that Plaintiff's failure to provide discovery on this matter was in bad faith, it also cannot say that Defendant has not been prejudiced. Defendant's inability to review Plaintiff's Social Security materials clearly prejudices Defendant.

---

[5] The Court is similarly unconvinced that Defendant's internal division of the scope of its representation in some way binds Plaintiff to only deal with the attorney of Defendant's choosing. Although the dictates of professional courtesy may suggest compliance with such a request, concerns of cost and inconvenience may ultimately obviate that proclivity, and more to the point, the Court knows of no Rule requiring Plaintiff's obedience.

Next, Defendant asserts that because of Plaintiff's delays, numerous witnesses (Defendant's employees) have likely left the area due to the closing of Defendant's facility.  While this may be true, Defendant has not demonstrated that these witnesses would have remained in the area had this case progressed through discovery without incident or exactly how the potentially lost testimony prejudices its defense.  Idle speculation or conjecture does not equate to a finding of prejudice.

Defendant also claims prejudice from Plaintiff's interrogatory responses.  Defendant notes Plaintiff failed to produce addresses and phone number for witnesses and does not indicate what subject matter these witnesses will testify to.  Plaintiff's response is that he has yet to obtain the witnesses' addresses and similarly does not yet fully know what they will testify to.  Again, the Court finds that despite a lack of bad faith by Plaintiff, Defendant has been hindered in defending this action and therefore suffered prejudice.  Defendant has lost at least some opportunity to evaluate Plaintiff's case by what, and how many, witnesses may have damning testimony against it.

Defendant's final points of prejudice are that its Chicago counsel is busy with another case and that it has been required to seek judicial intervention to receive discovery responses.  The fact that Defendant's Chicago attorney is now busy with another matter does not show prejudice when it has local counsel at its disposal.  Furthermore, this Court is unsympathetic to Defendant's claimed prejudice because it had to file this motion in light of the fact that it did not seek Plaintiff's concurrence and could have completely avoided judicial interference altogether. W.D. MICH. LCIVR 7.1(d).

Although Defendant has demonstrated some prejudice by the course of discovery in this case, on the balance it is not the degree of prejudice that ultimately warrants dismissal.

### C.      Fair Warning

Plaintiff concedes that he was warned by this Court that further discovery extensions would not be favored.

### D.      Less Drastic Sanctions

The Court observes that less drastic sanctions have not been imposed.  The Court further observes that "dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (quoting *Patton v. Aerojet Ordinance Co.,* 765 F.2d 604, 607 (6th Cir. 1985)); *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988).  As noted in section III A, Plaintiff's discovery failures were not the product of the kind of willfulness, bad faith, or fault that warrants dismissal, and therefore, this Court cannot grant Defendant's motion to dismiss.

### E.      Imposition of Less Drastic Sanctions

The Court can, however, given its broad discretion, impose lesser sanctions to encourage meaningful discovery and deter future discovery abuses.  Because Defendant has suffered some prejudice due to Plaintiff's deficient discovery, the Court will sanction Plaintiff accordingly.  Within 14 days Plaintiff shall either obtain materials relevant to his Social Security application and deliver them to Defendant or document for the Court why he could not do so.[6]  Furthermore, Plaintiff is ordered to investigate and determine his witnesses' addresses, telephone numbers, and matters upon which they have knowledge relevant to this case and deliver this information to Defendant within

---

[6] Such retrieval efforts could include the usual written correspondence or telephone call, but also might include, should these efforts fail, a resort to the legal process or filing a grievance with the Michigan Attorney Grievance Commission.

14 days.  Failure to do so may result in further sanctions, including but not limited to barring any of these proposed witnesses' testimony.  Lastly, and as foundation for subsequent Rule 37(b)(2) dismissal motions,  Plaintiff shall consider himself duly warned (for the second time) and take note that today's  imposition of lesser sanctions is likely the only pause this Court will make before a later dismissal is justified.  *Bass*, *Inc.*, 71 F.3d at 241.

## IV.     CONCLUSION

Therefore, the Court will deny Defendant Robert Bosch Fuel Systems Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2).  The Court will order that within 14 days, Plaintiff shall either obtain materials relevant to his Social Security application and deliver them to Defendant or document for the Court why he could not do so.  The Court will further order that Plaintiff shall ascertain his witnesses' addresses, telephone numbers, and matters upon which they have knowledge and serve this discovery on Defendant within 14 days.  An Order consistent with this Opinion shall issue.

<div style="margin-left:50%">

 /s/ Richard Alan Enslen
</div>

DATED in Kalamazoo, MI:             RICHARD ALAN ENSLEN
        October 12, 2005             SENIOR UNITED STATES DISTRICT JUDGE