UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. BECKWITH,

Plaintiff,

v.

ROBERT BOSCH FUEL SYSTEMS CORPORATION,

Defendant.

Case No. 1:04-CV-791

Hon. Marianne O. Battani*

**OPINION**

This matter is before the Court on Defendant Robert Bosch Fuel Systems Corporation's second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2). The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR. 7.2(d). For the reasons that follow, the Court will grant Defendant's Motion to Dismiss.

## I. BACKGROUND

This marks the fourth time the Court has been asked by Defendant to intervene and compel Plaintiff's discovery in this case. The major bones of contention concerning discovery are Plaintiff's witness list and documents relating to Plaintiff's application for Social Security disability insurance. A recapitulation of the Court's involvement in the discovery process includes the following.

On June 23, 2005, the Court ordered Plaintiff to produce outstanding discovery materials responsive to Defendant's discovery requests within 14 days. Plaintiff disregarded the Court's schedule, but eventually provided Defendants with some discovery materials. Next, on October 5, 2005, in response to Defendant's request to Amend the Case Management Order, the Court again

* The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting as a visiting judge pursuant to Administrative Order No. 05-167.

ordered Plaintiff to provide full and complete discovery by October 11, 2005. Plaintiff did not heed the Court's October 5, 2005 Order.

Finally, on October, 12, 2005, the Court entered an Opinion and Order addressing Defendant's first Motion to Dismiss for deficient discovery pursuant to Rule 37(b)(2). The Court ultimately found dismissal unwarranted but ordered Plaintiff to "either obtain materials relevant to his Social Security application and deliver them to Defendant or document for the Court why he could not do so." (Oct. 12, 2005 Order) (hereinafter "Discovery Order"). The Court further ordered Plaintiff to "investigate and ascertain his witnesses' addresses, telephone numbers, and matters upon which they have knowledge relevant to this case and deliver this information to Defendant . . . ." (*Id.*). In addition, Plaintiff was advised that the manner in which he had conducted discovery was unacceptable and that he "shall consider himself duly warned (for the second time) and take note that today's imposition of lesser sanctions is likely the only pause this Court will make before a later dismissal is justified. *Bass* [*v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)]." (Oct. 12, 2005 Op. at 8).

Defendant's second Motion to Dismiss pursuant to Rule 37(b)(2) concerns the same discovery materials: Plaintiff's witness list and Social Security documents. As for Plaintiff's witness list, Defendant notes that Plaintiff has provided it a list, but 15 of Plaintiff's witnesses are listed without addresses. Plaintiff did not provide telephone numbers for six other witnesses. Except for his expert witnesses, Plaintiff supplied Defendant with no information regarding matters upon which these witnesses may have knowledge.

With regard to Plaintiff's Social Security documents, Defendant asserts that Plaintiff has only provided it with partial information. According to Defendant, Plaintiff received Social Security

disability insurance payments for a temporary period in 1998, but also received—and continues to receive—Social Security disability insurance payments from a 2002 application. Plaintiff did not produce any materials relating to his 2002 application.

## II. CONTROLLING STANDARDS

The standards guiding review of a motion to dismiss under Rule 37(b)(2) have not changed since the last time the Court visited this issue. Generally, parties may discover information regarding any matter, not privileged, that is relevant, or reasonably calculated to lead to the discovery of relevant evidence, to a claim or defense of any party. FED. R. CIV. P. 26(b)(1). If a party fails to obey a court order under Rule 26(f), the Court may enter sanctions against him under Rule 37(b)(2). The list of possible sanctions provided in Rule 37(b)(2) is "not exclusive and arbitrary but flexible, selective, and plural." 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2284 (1994).

Levying a Rule 37(b)(2) sanction rests soundly within the discretion of this Court, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); however, the Sixth Circuit Court of Appeals has articulated some factors the Court should consider when considering dismissal as a sanction.

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bass*, 71 F.3d at 241.

Plaintiff has put the Court in the unenviable position of deciding—for the second time—whether his discovery tactics warrant dismissal. In doing so, the Court will again look to the *Bass* factors as they apply to the facts before the Court.

## III. DISCUSSION

Given the tenor and clear implication of the Court's October 12, 2005 Opinion, Plaintiff should have taken great pains to assure judicial intervention would not occur again. The Court is particularly troubled by the fact that it has been once again summoned to adjudge the propriety of Plaintiff's conduct during discovery.

### A. Willfulness, Bad Faith, or Fault

Plaintiff has the burden of proving that his failure to comply with this Court's Discovery Order was due to inability, rather than a design of willfulness or bad faith. *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)). If Plaintiff has the ability to comply with the Court's Discovery Order and for some reason does not, the Court will presume it to be the product of wilfulness or bad faith. *Id.* Plaintiff did not fully comply with either portion (the witness list or Social Security documents) of the Court's Discovery Order and has not demonstrated an inability to do so.

Concerning Plaintiff's witness list, Plaintiff's efforts to comply with the Court's Discovery Order were half-hearted at best. Plaintiff was required to submit his witnesses' names, addresses, and phone numbers to Defendant, and indicate what these persons have knowledge of in relation to this case. What Plaintiff's counsel delivered to Defendant was a broken, disheveled list (some of it hand written), which hardly befits the product of an attorney. As noted, Plaintiff has only partially supplied Defendant with his witnesses' contact information and entirely failed to indicate what

information his fact witnesses may have concerning his case.[1] Plaintiff has, on several accounts, disregarded the Court's Discovery Order, leaving the Court no choice but to conclude Plaintiff's conduct to be willful and in bad faith. Plaintiff obviously had the necessary information to contact some of his witnesses and ascertain what knowledge they have about his case. Thus, demonstrating the present ability to comply with, but wilful disobedience to, the Court's Discovery Order. *Reyes*, 307 F.3d at 458.

As for Plaintiff's 2002 application for Social Security disability insurance, Plaintiff simply fails to respond to Defendant's charge that he is withholding that information. In his Response, Plaintiff makes no reference to his 2002 application for Social Security disability insurance.[2] Instead, Plaintiff maintains that in light of the Court's Discovery Order, he undertook a second search of his Social Security files, and apparently, could not locate any relevant information.

The Court is not surprised. Plaintiff searched the files of Attorney Brian McNulty who presumably handled Plaintiff's 1998 application. Nowhere does Plaintiff suggest that he undertook any search of his files from his 2002 application, which was handled by Attorney Evan A. Zagoria.

---

[1] On this score, Plaintiff responds "[t]o the extent that Plaintiff is unable to obtain a telephone number or address for a witness, Plaintiff will be precluded from calling that person to testify at trial." (Pl.'s Resp. Br. at 2). While true (and especially in light of the Court's Discovery Order), such a statement begs the obvious question: why would Plaintiff deliver incomplete witness information to Defendant if he knew such a submission was noncompliant with the Court's Discovery Order?

[2] The Court is convinced that some documentation exists regarding Plaintiff's 2002 application for Social Security disability insurance. Defendant has referred the Court to a 2002 letter authored by Plaintiff's former attorney, Evan A. Zagoria, who handled that Social Security disability application.(*See* Def.'s Br., Ex. 7). The letter indicates that Plaintiff applied for benefits and his application was approved. Plaintiff has not disputed that there is a 2002 application and does not explain why material concerning the application were not produced for Defendant. Again, it is Plaintiff's task to show that he is unable to comply with the Court's Discovery Order and this he has not done. *Reyes*, 307 F.3d at 458.

This makes it difficult for the Court to discern why Defendant does not have the documents relating to Plaintiff's 2002 application, be it willfulness, bad faith, or mistake.[3] Nevertheless, this much is clear, Plaintiff is clearly at fault.

**B. Prejudice**

In its October 12, 2005 Opinion, the Court found Defendant was prejudiced by Plaintiff's failure to produce Social Security materials. That finding has not changed. Defendant has been disadvantaged in its ability to prepare its defense of Plaintiff's claims under the American with Disabilities Act by the fact that it cannot review Plaintiff's 2002 application for Social Security disability insurance. Defendant has also been hindered in evaluating Plaintiff's case by determining what witnesses may have damning testimony against it. Furthermore, Defendant has suffered prejudice by having to make several discovery motions. Defendant has wasted its time, money, and resources in seeking meaningful discovery from Plaintiff.

**C. Fair Warning**

The Court has twice before warned Plaintiff that his discovery efforts were deficient. On June 23, 2005, the Court ordered Plaintiff to produce outstanding discovery materials and warned him that further discovery extensions would not be favored. On October, 12, 2005, the Court went to great lengths in its Opinion to apprize Plaintiff that he had come dangerously close to flaunting the Court's authority and that in the future, there would be no pause before exacting dismissal as a sanction. Plaintiff concedes this point.

**D. Less Drastic Sanctions**

---

[3] Plaintiff admits as much when he states "Plaintiff has produced the documents requested by Defendant (***excepting a social security application***) and provided Answers to Defendant's Interrogatories." (Pl.'s Resp. Br. at 3-4) (emphasis supplied).

Less drastic sanctions were levied on Plaintiff by the Court's Discovery Order. The Court ordered Plaintiff, as a sanction for his discovery conduct, to deliver materials concerning his Social Security application to Defendant or document why he could not do so. Plaintiff was also required to investigate and determine his witnesses' addresses, telephone numbers, and matters upon which they have knowledge relevant to this case and deliver this information to Defendant. As noted above, Plaintiff failed to fully comply with the Court's Discovery Order. Plaintiff concedes that he has been previously given a less drastic sanction.

Thus, even if the Court were to impose a less drastic sanction, as opposed to dismissal, it has no confidence such a sanction would be complied with. Given the nil effect of prior sanctions, the Court is forced to turn to dismissal as a sanction of last resort. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

## IV. CONCLUSION

A final point, although not directly related to discovery, is worth noting. The Court has already ordered Plaintiff's counsel to pay Defendant $980 as a sanction for her absence at a settlement conference. Plaintiff's counsel, as was the case in several responses to Defendant's discovery motions, assigns her mistake to innocent oversight. While the Court will tolerate genuine mistakes from time to time, when these mistakes occur and accumulate in such a fashion as to totally derail the ordered course of litigation, the Court can no longer tolerate such blunders as much as it will not tolerate willful or bad faith efforts to frustrate discovery. As the Court observed above, Plaintiff's conduct is probably a mixture of bad faith and innocent error, with the ratio of this amalgam probably intensely favoring the latter. Even so, the Court is not required to separate

innocent mistakes from intentional discovery abuses when it is clear that Plaintiff is at fault for the utter mess discovery has become.

The Court is certainly inclined to decide this case on the merits and finds it unfortunate that it has been compelled to dismiss this case before considering them, but at some point enough is enough. As Defendant aptly surmised, "[t]hat time has come." (Def.'s Reply Br. at 5). Therefore, the Court will grant Defendant's Motion to Dismiss pursuant to Rule 37(b)(2). A Judgment consistent with this Opinion shall enter.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2006